IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JENNIFER RICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Case No. 11-1037-MJR-DGW |
| | ) | |
| PILOT TRAVEL CENTERS, LLC, | ) | |
| JOHN MOURTON, and | ) | |
| SHANNON HOWARD, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER
REMANDING CASE TO STATE COURT

REAGAN, District Judge:

Originally filed in the Circuit Court of Madison County, Illinois, this lawsuit names three Defendants: (1) Pilot Travel Centers, LLC (formerly known as Flying J, Inc. and doing business as Flying J Travel Center), (2) John Mourton, and (3) Shannon Howard.[1] Jennifer Rice (Plaintiff) alleges that she was discharged in retaliation for exercising rights secured to her under the Illinois Workers' Compensation Act, in violation of the public policy of the State of Illinois, as well as interference with economic advantage.

More specifically, the complaint alleged the following. Plaintiff was employed by Flying J, Inc. (now "FJ Management Inc.") at its Pontoon Beach,

---

[1] The state court complaint (Doc. 2-2) does not separately name FJ Management Inc. as a defendant. It contains three counts, one directed to Pilot Travel Centers, LLC (formerly known as Flying J, Inc. and doing business as Flying J Travel Center), one directed to John Mourton, and one directed to Shannon Howard. The removal notice filed in this Court, however, reads as if FJ Management Inc. is a fourth named Defendant. All Defendants are represented by the same counsel herein.

Illinois store. In December 2008, Plaintiff was injured on the job. She requested and received workers' compensation benefits. John Mourton was in charge of Flying J's "investigation" which culminated in the decision to discharge Plaintiff. Shannon Howard assisted in the investigation, acted maliciously and with personal animosity toward Plaintiff, and interfered with Plaintiff's employment/business relationship. Plaintiff was discharged from her employment on April 1, 2009, as a result of requesting workers' compensation benefits, thereby contravening a clear mandate of public policy in Illinois.

On November 22, 2011, Defendant Howard (who apparently had been served on November 18, 2011) removed the case to this United States District Court, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332. CoDefendants Mourton and Pilot Travel (f/k/a Flying J, Inc.) – along with FJ Management, Inc. – filed written consents to the removal the same day (Doc. 9).

The case survived was tracked and given a trial date. Shortly thereafter, defense counsel moved to dismiss the claims directed against Defendants Howard and Mourton for failure to state a claim, and Plaintiff moved to remand the case to state court. Before the briefing deadlines elapsed on the pending motions, Defendant Howard (with the consent of coDefendants) moved to withdraw her removal notice. [The Court notes that none of the pending motions (for dismissal or remand) is yet ripe, as responses were not yet due or filed.]

The January 30th motion to withdraw explains that FJ Management Inc. is the main member of Defendant Pilot Travel Centers LLC, that the removal notice had focused on the citizenship of the *majority* members of Pilot -- considering Pilot and FJ Management Inc., the entity that formerly employed Plaintiff, to be the real parties in interest herein -- but now the remand motion has challenged (inter alia) the citizenship of each and every member (including "nominal parties"/members) of the LLCs. "Given the time and resources involved in the investigation of each potential nominal party in this matter, ... it is impractical for Defendant to investigate the ownership and citizenship of each of these individuals or entities in support of her removal" (Doc. 32, p. 3). Accordingly, the motion "concedes this matter should be remanded to the Circuit Court of Madison County, Illinois" (*id.*).

Defendant (who sought this federal forum and bore the burden of establishing each element of diversity jurisdiction) has acknowledged that the record currently before the Court does not clearly reveal complete diversity between all parties. The law of this Circuit plainly holds that, for diversity purposes, the citizenship of an LLC is the citizenship of each of its members, and "if those members have members, the citizenship of those members as well." **Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007); Camico Mutual Ins. Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007).**

The record before the Court does not contain all information needed for the undersigned Judge to verify that complete diversity exists

between the parties and that he enjoys subject matter jurisdiction. Accordingly, the Court **GRANTS** Defendant's motion (Doc. 32) to withdraw the notice of removal.  Lacking subject matter jurisdiction, the undersigned Judge **REMANDS** this case to the Circuit Court of Madison County, Illinois, which **RENDERS MOOT** all pending motions (Docs. 16, 19 and 28).

IT IS SO ORDERED.

DATED January 31, 2012.

s/ Michael J. Reagan  
Michael J. Reagan  
United States District Judge